United States District Court
Southern District of Texas
**ENTERED**
April 04, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DARRELL BALDWIN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-76 |
| | § | |
| RUSSELL LANDRY, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS CASE

This civil rights action was filed by Plaintiff Darrell Baldwin, a Texas state prisoner, pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. *Ruiz v. United States,* 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's *pro se* complaint must be read indulgently, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez,* 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that: (1) Plaintiff's due process claim for money damages against Defendants in their official capacities be

dismissed with prejudice as barred by the Eleventh Amendment; (2) Plaintiff's due process claim against Defendants be dismissed with prejudice for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1); and (3) the dismissal of this case count as a "strike" for purposes of 28 U.S.C. § 1915(g).

## I.   JURISDICTION.

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II.   BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS.

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID).  Plaintiff's allegations in this case arise in connection with his current assignment to the McConnell Unit in Beeville, Texas.

In this civil rights action, Plaintiff sues the following McConnell Unit officers: (1) Sergeant Russell Landry, Jr.; and (2) Major James Thompson, III. (D.E. 1 at p. 3). Plaintiff claims that Defendants caused the loss of certain personal property that belonged to Plaintiff.  The undersigned construes Plaintiff's lawsuit as suing Defendants in their individual and official capacities.  Plaintiff seeks either return of his lost property or proper compensation as well as "$10,000 for mental stress and strain."  (D.E. 1, pp. 4-5).

Plaintiff alleges the following facts in his complaint.  On September 15, 2017, Plaintiff was placed in administrative segregation. While he was in segregation, other inmates were allowed to pack Plaintiff's personal property.  According to Plaintiff, his radio, coax cable, and hot pot were either lost or stolen.  An unidentified prison official knew that most of Plaintiff's belongings were missing when he brought Plaintiff's

personal property to him.  Plaintiff informed Major Thompson about what had occurred but was not compensated for his missing personal property.

On September 21, 2017, Plaintiff filed a Step 1 grievance (Grievance No. 2016003757) in which he complained about the loss of his radio, coax cable, and hot pot. (D.E. 1-1, pp. 1-2).  The reviewing officer rejected Plaintiff's Step 1 grievance, finding that the "[i]nvestigation [had] revealed no documentary evidence to substantiate that [Plaintiff was] in possession of the alleged missing property."  (D.E. 1-1, p. 2). Plaintiff's Step 2 grievance was denied based on the Step 1 response.  (D.E. 1, pp. 3-4).

On March 21, 2018, the undersigned directed Plaintiff to file a more definite statement and explain whether he has pursued any available post-deprivation remedies in state court. (D.E. 6).  Plaintiff filed his More Definite Statement on April 2, 2018.  (D.E. 9).  Therein, he indicated that he had provided the state appellate court with notice to file a tort suit for loss of property.  (D.E. 9, p. 1).  Plaintiff attached his notice, which reflected that it was mailed to the "Court of Appeal [sic]" at 1135 N. Shoreline Boulevard, Corpus Christi, Texas 78401.  (D.E. 9, p. 3).

### III.  LEGAL STANDARD.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *see also Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995).  An action may be dismissed for failure to state a claim when the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).

A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998).

## IV. DISCUSSION.

### A. Official Capacity Claims

A suit against a state officer in his or her official capacity is effectively a suit against that state official's office. *Will v. Michigan Department of State Police,* 491 U.S. 58, 71 (1989). The Eleventh Amendment, however, bars claims for money damages against a state or state agency. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Aguilar v. Texas Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998). As such, an action for monetary damages against a state official in his or her official capacity is one against the state itself, and is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Indeed, the Fifth Circuit has extended the Eleventh Amendment immunity specifically to TDCJ-CID officers and officials

acting in their official capacities. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (recognizing that the Eleventh Amendment bars prisoner's suit for money damages against prison officials in their official capacities).

To the extent Plaintiff sues Defendants in their official capacities for money damages, such claims are barred by the Eleventh Amendment. Accordingly, it is respectfully recommended that Plaintiff's claims for money damages against Defendants in their official capacities be dismissed with prejudice.

### B.  Due Process Claim (Deprivation or Loss of Personal Property)

The Fourteenth Amendment of the Constitution provides that no State shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV § 1. The Supreme Court has held that a random and unauthorized intentional deprivation of property, whether negligent or intentional, does not violate the Due Process Clause if the State provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533-35 (1984); *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). A claimant must either take advantage of the available remedies or show that the available remedies are inadequate. *Hudson*, 468 U.S. at 534-35. The burden is on the inmate to show that the post-deprivation remedy is inadequate. *Myers*, 97 F.3d at 94.

Texas law provides Plaintiff with available post-deprivation remedies. Texas law allows recovery of monetary damages for the loss of property that has been taken without authorization. *See Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994) (in Texas, the tort

of conversion fulfills this requirement); *see also Beam v. Voss*, 568 S.W.2d 413, 420-21 (Tex. Civ. App.– San Antonio 1978, no writ) (conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another, to the exclusion of, or inconsistent with the owner's rights). In addition, state law specifically provides that inmates may recover up to $500.00 on a claim that the TDCJ lost or damaged personal property. *See* Tex. Gov't Code § 501.007.

In his More Definite Statement, Plaintiff alleges that he filed a notice with the state court of appeals, indicating his intent to file a tort claim for the loss of his personal property. However, there is no state court of appeals or other state court located at the address written on Plaintiff's notice. (D.E. 9, p. 3). Plaintiff otherwise fails to indicate in either his original complaint or More Definite Statement that he has properly filed suit in state court pursuant to § 501.007 or for conversion. Plaintiff, therefore, has alleged no facts to suggest either that he properly took advantage of his available post-deprivation remedies or that such remedies were inadequate.

Because Texas law provides adequate post-deprivation remedies, the deprivation or loss of Plaintiff's personal property does not state a violation of the Due Process Clause. *See Hudson*, 468 U.S. at 536 (noting that, even when a prisoner's property was intentionally destroyed, such destruction did not violate the Fourteenth Amendment because state law provided the prisoner with an adequate post-deprivation remedy). Because Plaintiff's claim for personal property loss fails to state a cognizable constitutional claim, it is respectfully recommended that Plaintiff's due process claim against Defendants be dismissed with prejudice.

## V. CONCLUSION.

For the reasons stated above, it is respectfully recommended that: (1) Plaintiff's due process claim for money damages against Defendants in their official capacity be DISMISSED with prejudice as barred by the Eleventh Amendment; (2) Plaintiff's due process claim against Defendants be DISMISSED with prejudice for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1); (3) the dismissal of this case count as a "strike" for purposes of 28 U.S.C. § 1915(g); and (4) the Clerk of Court forward a copy of this Memorandum and Recommendation to the "Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Respectfully submitted this 4th day of April, 2018.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).